YIWEN LUO, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Bureau of Immigration and Customs Enforcement, Respondents.

No. 03–4615.

United States Court of Appeals, Second Circuit.

June 8, 2006.

Jim Li, New York, NY, for Petitioner.

Helen C.T. Smith, Assistant United States Attorney (Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, on the brief), Greeneville, TN, for Respondent.

Present JOHN M. WALKER, Chief Judge, and RALPH K. WINTER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Yiwen Luo ("Luo") petitions for review of a March 7, 2003 order of the BIA summarily affirming a November 5, 2001 decision by Immigration Judge ("IJ") William C. Peterson, denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts of the case, its relevant procedural history, and the issues on appeal.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). We review the agency's factual findings under the substantial evidence standard and will not reverse those findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir. 2005). Because we give "particular deference" to credibility findings, *Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 74 (2d Cir.2004), the scope of our review is "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Luo argues that there was not substantial evidence to support the IJ's adverse credibility determination. We disagree.

The IJ based his adverse credibility finding in part on Luo's demeanor. In

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

particular, the IJ noted that Luo's answers were at times non-responsive and vague. "We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005).

The IJ also concluded that Luo had testified inconsistently concerning his contacts with his wife. The IJ interpreted one portion of Luo's testimony to mean that the letter from Luo's wife, which set forth essential elements of his asylum claim, had been received without any request from Luo. In light of the confused nature of the testimony at Luo's hearing, we cannot say that no rational factfinder could have interpreted the testimony in this fashion. Accordingly, the IJ was justified in concluding that Luo's testimony was implausible on this point. Furthermore, the IJ permissibly noted that Luo was unable to answer questions concerning his procurement of the x-ray and that this was troubling given that the documents had arrived only a few months earlier.

Luo also argues that the IJ misunderstood his claim. While the IJ thought Luo's application was based on either the forcible sterilization of Luo's ex-wife or the fear of forcible sterilization of his current girlfriend, the claim is in fact based on Luo's fear of his own sterilization because he has fathered three children. We recognize that the IJ failed to grasp the foundation of Luo's claim. But this misunderstanding alone does not compel a remand. We may deny a petition despite errors in an IJ's reasoning when those errors are "so tangential that there is no realistic possibility that the outcome would be different on remand." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 402 (2d Cir.2005). Because there is substantial evidence supporting the IJ's adverse credibility determination, and because the IJ had explicitly questioned whether Luo actually had fathered a third child, he would have rejected Luo's application regardless of its basis. We can therefore "confidently predict" that the IJ would adhere to his decision if we were to remand. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006) (quoting *Cao He Lin,* 428 F.3d at 395).

Finally, Luo contends that the BIA impermissibly affirmed the IJ's decision without opinion because it failed to address the new evidence that Luo submitted with his brief to the BIA. Because the BIA does not have the power to consider new evidence as part of its appellate review, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and because Luo did not bring a motion to remand to an IJ so that the new evidence could be considered, the BIA did not err in failing to address it.

We have considered Luo's other arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.